James William Graham

*v.*

State of Tennessee

(*Nashville,* December Term, 1956.)

Opinion filed July 29, 1957.

424

HENDERSON & HENDERSON, J. H. HENDERSON, CLETUS W. McWILLIAMS, Franklin, for plaintiff in error.

JAMES M. GLASGOW, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

James William Graham is before the Court on an appeal from a conviction of murder in the first degree with his punishment fixed at twenty (20) years and one (1) day in the State penitentiary. One Eugene Robertson was jointly indicted and tried with him but was acquitted by the jury.

When Graham was arraigned upon the indictment, he stated to the court that he was unable to employ counsel, and thereupon the trial judge appointed able counsel to represent him. They have served his cause with ability and with the utmost fidelity.

We have filed a separate opinion in which consideration was given to certain factual issues and the law

relating to an assignment of error complaining of improper argument of the District Attorney General.

The case was reversed and remanded for a new trial for the following reasons.

██ ██ The assignment of error which challenges the action of the trial judge in permitting the District Attorney General in his closing argument before the jury, over defendant's objection, to argue the effect of the indeterminate sentence law must be sustained.

It clearly appears from the entire record that the State's counsel felt that the case, both from a factual and legal point of view, required a verdict of guilty of the highest grade of felonious homicide. His reading of Section 40-3612, T.C.A., was to impress the jury with the effect of the indeterminate sentence law. He then read Section 40-3613, T.C.A., entitled "Power to parole", as follows:

"The board of pardons and paroles shall have power to cause to be released on parole any person sentenced to confinement in the penitentiary who has served the minimum term provided by law for the offense committed by him, less good time; provided, that no convict serving a life sentence shall be paroled until he has served for twenty-five (25) years, less diminution which would have been allowed for good conduct had his sentence been for twenty-five (25) years."

Following the reading of this Section of the Code, he said:

"Well, that simply means this, that a life sentence is actually less than any determinate number of years

over twenty-five years. In other words, a ninety-nine year sentence is more than a life sentence.''

It is argued by the State's counsel in reply that it was not error because it is proper for the Attorney General to argue the law of the case. The fallacy of this argument is *that the parole law is not the law of the case, or any part of it.* Moreover a prisoner has no absolute right to be released upon parole where he has a clean conduct record while in prison and has served the minimum term for his offense. *State ex rel. Greene v. Rimmer,* 131 Tenn. 316, 174 S.W. 1134. The jury is not supposed to know anything about the right of parole. Nor it is at all proper in any case for them, if they knew about its provisions, to speculate upon what a Parole Board might do.

The manifest reason for thus arguing the effect of the indeterminate sentence statute was to persuade the jury to give consideration to the provisions of this statute in fixing the defendant's punishment. We have expressly held that this constitutes reversible error. *Williams v. State,* 191 Tenn. 456, 234 S.W.2d 993; and *Gray v. State,* 191 Tenn. 526, 235 S.W.2d 20. See also *Porter v. State,* 177 Tenn. 515, 151 S.W.2d 171, cited by Mr. Justice Prewitt in the Williams case.

The power to pardon, and/or commute a sentence of imprisonment as fixed by the jury, is foreign to the trial of any criminal case. The jury's exclusive duty to assess the punishment in all cases must be exercised fully according to the provisions of the appropriate statute and as given in charge by the trial judge. They cannot, under any circumstances, consider the power of the Governor to pardon, or the authority of the Parole Board to

grant paroles. Nor can they speculate as to what this Court might do on appeal. *Gray v. State, supra.* If the rule were otherwise the verdict of the jury would be mere guesswork. Moreover, in such circumstances, this Court would never be able to decide if the trial judge approved the verdict based on the facts, or on some unaccountable speculation as to the possibility of a reduction of the sentence by the Governor. Both the State and the defendant are entitled to a verdict that is based solely and alone upon the facts of the case and the law as given in charge by the court. Such a trial imposes upon the jury the gravest responsibility.

For the foregoing reasons the assignment of error is sustained and the case remanded for a new trial.