IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs, May 28, 2003


SHERMAN ALEXANDER HENDERSON v. CHARLES M. TRAUGHBER,
LARRY HASSELL, AND THE TENNESSEE BOARD OF PROBATION
AND PAROLE


Direct Appeal from the Chancery Court for Davidson County
No. 02-196-II     Hon. Carol L. McCoy, Chancellor


No. M2002-02358-COA-R3-CV - Filed July 14, 2003


Plaintiff denied parole by the Board of Probation and Parole filed appeal with Chancery Court which
was denied.  On appeal, we affirm.


**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**


HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO,
JR., J., and D. MICHAEL SWINEY, J., joined.

Sherman Alexander Henderson, Henning, Tennessee, *pro se.*

Paul G. Summers, Attorney General and Reporter, Michael E. Moore Solicitor General, and John
H. Sinclair, Assistant Attorney General, Nashville, Tennessee, for Appellees.




**OPINION**


        Plaintiff appeals from the Trial Court's grant of summary judgment to defendant
members of the Board of Probation and Parole and the Board.

        Plaintiff was convicted of first degree murder and armed robbery in 1980.  He was
sentenced to life plus fifteen years and is presently incarcerated in the minimum security facility at

West Tennessee State Penitentiary. On December 12, 2001, the Board of Probation and Parole ("Board") conducted a hearing and petitioner was denied parole. One Board member was present at the hearing, and the reason for the denial of parole, was the Notice of Board Action form had the denial box checked as "SO" [severity of offense] which states: "The release from custody at this time would Depreciate the seriousness of the crime of which the offender stands convicted or promote Disrespect of the law." Three other Board members signed off on the decision.

On January 8, 2002 and prior to the rendering of the final Board decision, petitioner filed a *pro se* Petition for Writ of Certiorari in the Chancery Court of Davidson County. The lengthy Petition recited a multitude of grievances, and petitioner asserted that these actions cumulatively demonstrated that the "means, manner and methods" in the proceedings were arbitrary and illegal and can have no rational basis. He alleged that he has been denied due process of law because he has a protected liberty interest in an entitlement and expectation of release by the Board.

The grant summary judgment is a question of law and appellate review is *de novo* upon the record with no presumption of correctness as to the trial court's conclusions of law. *Penley v. Honda Motor Co.,* 31 S.W.3d 181, 183 (Tenn.2000).

Plaintiff's first issue is that the Trial Court erroneously dismissed the Petition for failure to state a claim upon which relief can be granted. Defendants did not file a Motion to Dismiss for Failure to State a Claim, and the Trial Court did not grant summary judgment on that basis.

Plaintiff's second issue essentially asserts that the Equal Protection clauses of the state and federal constitutions were violated because other inmates whose crimes were allegedly more egregious, or who had longer sentences or even death sentences were granted parole upon their first review while Petitioner was denied parole. Plaintiff concedes that the Board applied the same parole statute, policies, rules and regulations to all offenders, and he has not raised a colorable Equal Protection claim because he has not shown that he is a member of a constitutionally protected class or that he then received differential treatment as a result of membership in a protected class. He is not a member of a protected class for equal protection purposes. *See, Hampton v. Hobbs,* 106 F.3d 1281, 1286 (6th Cir. 1997). Moreover, parole decisions are made on an individual, case-by-case assessment, as required by statute, not by comparatively ranking offenders. *Tenn. Code Ann. § 40-28-118; Kaylor v. Bradley,* 912 S.W.2d 728, 733 (Tenn. Ct. App. 1995).

The writ of certiorari is an extraordinary remedy whose issuance is within the discretion of the trial court. It is not available as a matter of right. *See, Clark v. Metro Government of Nashville*, 827 S.W.2d 312, 316 (Tenn. Ct. App.1991). *Also see, Daniels v. Traughber,* 984 S.W.2d 918. 924 (Tenn. Ct. App. 1998).

Plaintiff offers opinions and conclusions that the Board had exceeded its authority, failed to follow the statute, and violated his equal protection and due process rights, but alleged no facts showing that he is entitled to relief. His argument goes no further than challenging the correctness of the Board's decision, and then the Trial Court, which is beyond the scope of review under the writ. *See Turner v. Tennessee Bd. of Paroles,* 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999)

(courts are not empowered to inquire into the intrinsic correctness of a parole board decision).

Prisoners have no absolute right to be released from confinement prior to the expiration of their sentences. *Graham v. State,* 304 S.W.2d 622 (Tenn. 1957). Parole is a privilege and not a right. Tenn. Code Ann. §§ 40-28-117(a), 40-503(b). Parole decisions of Tennessee prisoners lie exclusively within the discretion of the Board of Paroles. *Doyle v. Hampton,* 340 S.W.2d 891 (Tenn. 1960).

Plaintiff's argument that the Board acted impermissibly by denying him parole based solely upon the seriousness of his offense has been rejected by this Court and the Supreme Court. *Hopkins v. Tennessee Bd. of Paroles and Probation,* 60 S.W.2d 79 (Tenn. Ct. App. 2001); *Arnold v. Tennessee Bd. of Paroles,* 956 S.W.2d 478 (Tenn. 1997).

Although presented in a variety of arguments, plaintiff's ultimate dissatisfaction is that inmates with allegedly more egregious offenses have been paroled. He insists these are "illegal" actions of the Board. The various procedural technicalities asserted by Plaintiff were examined in depth in *Arnold,* 956 S.W.2d at 478. Summarizing the parole hearing process as described in *Arnold* without specifically referencing Petitioner's complaints *in seriatim,* the enabling statute does not require that a parole decisions be made by meeting and deliberation by the members. The statute permits the established practice of one member conducting the parole hearing and circulating a written recommendation to each Board member individually, who may then individually review the recommendation, and a quorum of three Board members must then concur in the decision. We find nothing irregular in this proceeding.

Next, plaintiff complains that he was not provided a specific written reason for denying him parole, other than the box checked "severity of offense". The printed form used in this case has been held sufficient to comply with the statute. *Arnold.* Moreover, the Board is not required to define with exactitude the weight accorded the seriousness of the offense factor in denying parole. *Greenholz v. Inmates of Nebraska Penal & Correctional Complex,* 422 U.S. 1, 7-9 (1979); *Mosley v. Tennessee Bd. of Paroles,* 1996 WL631477 (Tenn. Ct. App. Nov. 1, 1997). Next, plaintiff relies upon Tenn. Code Ann. § 40-35-117(c) which states that for "persons who committed crimes prior to July 1, 1982, prior law shall apply and remain in full force and effect in every respect, including, but not limited to, sentencing, parole and probation." He asserts that the pre-1985 version of the Rules of the Board of Pardons and Paroles would entitle him to a mandatory parole for failure to use said rule is a violation of the ex post facto clause. However, *Wright v. Trammel,* 810 F.2d 589, 591 (6th Cir. 1987), explicitly held that the post-1985 Rules of the Board of Probation and Parole pertain to all parole hearings conducted after their effective date of April 10, 1985. *Accord; State v. Darden,* 12 S.W.3d 455, 459 (Tenn. 2000).

Plaintiff's last claim is that his claim was prematurely dismissed because he was denied the opportunity to obtain discovery. He contends that he served discovery upon Respondents and also filed motions to compel discovery. None of these documents are contained in the appellate record and are not before the Court for review. We find no merit in this argument.

We affirm the Judgment of the Trial Court and remand with the cost of the appeal assessed to Sherman Alexander Henderson.

_____
HERSCHEL PICKENS FRANKS, J.