# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### October 5, 2016 Session

## JOSEPH BRENNAN, ET AL. v. BOARD OF PAROLE FOR THE STATE OF TENNESSEE

### Appeal by Permission from the Court of Appeals
### Chancery Court for Davidson County
### No. 131171II    Carol L. McCoy, Chancellor

———————————————————

### No. M2014-01591-SC-R11-CV – Filed January 10, 2017

———————————————————

The Tennessee Board of Parole denied parole to a prisoner who was serving a twenty-year sentence for convictions of attempted rape of a child. The Board determined that the prisoner's release from custody would depreciate the seriousness of the crime for which he was convicted or promote disrespect for the law. The prisoner filed a petition of certiorari challenging the Board's decision. The trial court affirmed the Board's decision, and the prisoner appealed. The Court of Appeals did not review the issues raised on appeal. Instead, it calculated the date the prisoner should have been considered for parole and concluded that the Board acted arbitrarily by conducting a parole hearing prematurely. The Court of Appeals vacated and remanded with instructions for the Board to give the prisoner an immediate parole hearing. We hold that the Court of Appeals had no authority to calculate the date the prisoner could be considered for parole and did so incorrectly. The Tennessee Department of Correction has the statutory authority to determine the date a prisoner may be considered for parole by the Board. On review, we affirm the trial court's decision.

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed

SHARON G. LEE, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK and HOLLY KIRBY, JJ., joined. ROGER A. PAGE, J., not participating.

Herbert H. Slatery III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Jennifer L. Brenner, Senior Counsel, for the appellant, Tennessee Board of Parole.

J. Alex Little (on appeal) and Mark C. Scruggs (at trial), Nashville, Tennessee, for the appellee, Joseph Brennan.

**OPINION**

**I.**

In January 2009, Joseph Brennan pleaded guilty to two counts of attempted rape of a child.[1] He was sentenced to serve ten years, consecutively, for each count of attempted rape for an effective sentence of twenty years, with a release eligibility of thirty percent. Mr. Brennan began serving his sentence on April 3, 2009.

On March 26, 2013, a Tennessee Board of Parole hearing officer conducted a parole hearing for Mr. Brennan based on a release eligibility date—the date a prisoner is eligible to be considered for parole—of June 14, 2013. The hearing officer received written statements and testimony from Mr. Brennan, the victim, family members, friends, and the victim's psychologist. The hearing officer recommended that parole be denied. The Board concurred, determining that "[t]he release from custody at this time would depreciate the seriousness of the crime of which the offender stands convicted or promote disrespect of the law," and deferred the next parole hearing until 2018. Mr. Brennan, unsuccessful in his appellate remedies before the Board, filed a petition of certiorari based on Tennessee Code Annotated sections 27-9-101 and -102 in Davidson County Chancery Court. Mr. Brennan asserted, among other things, that the Board's decision was illegal, contrary to established law, and arbitrary and capricious.

The trial court dismissed Mr. Brennan's petition, finding that the Board's decision to deny parole due to the seriousness of the offense was not unfair, arbitrary, or capricious. In its ruling, the trial court referenced the written statements and testimony regarding Mr. Brennan's work history, educational background, prison disciplinary record, and completion of a sexual offender treatment program. The trial court considered all issues raised by Mr. Brennan and concluded that it could not inquire into the intrinsic correctness of the Board's decision to deny parole. Mr. Brennan appealed.

The Court of Appeals did not consider the issues raised by Mr. Brennan. Instead, the Court of Appeals determined Mr. Brennan's release eligibility date was April 3, 2015, which was six years from the date he began serving his sentence with no deduction for sentence credits. The Court of Appeals reasoned that Mr. Brennan had served only twenty percent of his sentence by the 2013 parole hearing, and the Board should have waited to consider his suitability for parole until after he had served thirty percent of his sentence. Based on its determination that Mr. Brennan's hearing should have been in April 2015, the Court of Appeals remanded the case to the trial court with instructions for

---

[1] Mr. Brennan also pleaded guilty to two counts of incest and was sentenced to serve three years, concurrently, for each count to be served concurrently with the attempted rape convictions. Mr. Brennan has fully served the sentences for incest.

the Board to conduct an immediate parole hearing for Mr. Brennan. *Brennan v. Bd. of Parole*, No. M2014-01591-COA-R3-CV, 2015 WL 6326213, at \*3–4 (Tenn. Ct. App. Oct. 21, 2015).

We granted the Board's application for permission to appeal.

**II.**

Prisoners do not have an absolute right to be released on parole. *Hopkins v. Tenn. Bd. of Paroles & Prob.*, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001) (citing *Graham v. State*, 304 S.W.2d 622, 623–24 (Tenn. 1957)). Parole is a privilege, not a right. Tenn. Code Ann. §§ 40-28-117(a)(1), 40-35-503(b); Tenn. Bd. Parole R. 1100-01-01-.02(2); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

Neither party challenged the accuracy of the Tennessee Department of Correction's calculation of Mr. Brennan's release eligibility date. The Court of Appeals exceeded its authority by determining the date Mr. Brennan could be considered for parole. Judicial review of a parole decision made by the Board is narrow; it is limited to consideration of whether the Board exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. Tenn. Code Ann. § 27-8-101; *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012); *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003). The reviewing court does not inquire into the intrinsic correctness of the Board's decision, reweigh the evidence, or substitute its judgment for that of the Board. *State v. Lane*, 254 S.W.3d 349, 355 (Tenn. 2008); *Robinson v. Clement*, 65 S.W.3d 632, 635 (Tenn. Ct. App. 2001). The court considers only the manner in which the decision was made. *Stewart*, 368 S.W.3d at 463 (citing *Arnold v. Tenn. Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997); *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994)).

The Department of Correction is solely responsible for calculating a prisoner's release eligibility date. Tenn. Code Ann. § 40-35-501(a)(1), (r) (providing that, "[n]otwithstanding any other law to the contrary, the [D]epartment is responsible for calculating the sentence expiration date and the release eligibility date of any felony offender sentenced to the [D]epartment and any felony offender sentenced to confinement in a local jail or workhouse for one (1) or more years"); *id.* § 40-28-129 (providing that the Department of Correction "shall be responsible for calculating the sentence expiration date and the earliest release date of any felony offender sentenced to the [D]epartment of [C]orrection and any felony offender sentenced to confinement in a county jail or workhouse for one (1) or more years"); *Shorts v. Bartholomew*, 278 S.W.3d 268, 279 (Tenn. 2009) (holding that the Department of Correction calculates release eligibility dates for Department of Correction prisoners, regardless of where the prisoners

are confined); *Stewart*, 368 S.W.3d at 463 (holding that the Department of Correction has sole authority to calculate an inmate's release eligibility date).

The Court of Appeals exceeded its authority, and its calculation was flawed. In determining when a prisoner is eligible for parole consideration, the Department of Correction takes into account the prisoner's behavior and his compliance with prison and Department rules. A prisoner's release eligibility date is conditioned on the prisoner's good behavior and service of a specific percentage of the sentence imposed less sentence credits earned and retained by the prisoner. Tenn. Code Ann. § 40-35-501(b), (n). If there is more than one conviction, the release eligibility date is calculated separately for each conviction. *Id.* § 40-35-501(m). For consecutive sentences, the periods of eligibility for release are calculated for each sentence and added together to determine the release eligibility date. *Id.* The release eligibility date may be deferred to a later date, not to exceed the length of the full sentence imposed. *Id.* § 40-35-501(n).

A prisoner may be awarded sentence reduction credits for good institutional behavior or satisfactory performance in a program.[2] Tenn. Code Ann. § 41-21-236(a)(2)(A); Tenn. Dep't of Corr. Policy No. 505.01(VI)(K)(3)(a)–(b). Sentence reduction credits are not earned or credited automatically but are awarded monthly at the discretion of the prison warden based on criteria established by the Department of Correction. Tenn. Code Ann. § 41-21-236(a)(3); Tenn. Dep't of Corr. Policy No. 505.01(VI)(K)(3)(e). A prisoner may lose sentence credits for certain disciplinary offenses; the commission of certain major infractions; or the refusal to participate in an assigned work, educational, or vocational training program. Tenn. Code Ann. § 41-21-236(a)(4)–(6).

Because the calculations are based on several factors, including the accumulation of good behavior and program credits, the release eligibility date is not a fixed date but changes monthly based on sentence reduction credits earned and retained by the prisoner. It is not a one-step calculation made by applying the prisoner's release eligibility percentage to the length of the sentence.

Based on the Department of Correction's determination of Mr. Brennan's release eligibility date, the Board conducted Mr. Brennan's parole hearing within a reasonable time before his release eligibility date. *See id.* § 40-35-503(d)(1). The Board did not

---

[2] Program credits may be awarded at the discretion of program supervisors based on the following criteria: whether a prisoner arrives on time, is not late or absent without an official excuse, and returns to work within a reasonable time after appointments; the prisoner applies himself to the work at hand, remains at his program station, does not visit or allow himself to be distracted by others, and works until quitting time; the prisoner accepts supervision well, listens to and carries out instructions, asks questions if not sure of task requirements, and accepts orders without argument. Tenn. Dep't of Corr. Policy No. 505.01(VI)(K)(3)(e)(1)–(3).

abuse its discretion or act arbitrarily or illegally by conducting a parole hearing in March 2013 and deferring the next parole hearing until 2018.[3]

In the interests of judicial economy, we now review the Board's decision to determine whether it acted illegally, fraudulently, or arbitrarily in denying parole to Mr. Brennan. We do not reweigh the evidence or otherwise review the correctness of the decision. *Lane*, 254 S.W.3d at 355 (citing *Robinson*, 65 S.W.3d at 635). The Board based its denial of parole on Tennessee Code Annotated section 40-35-503(b)(2), which provides for denial if the Board finds that "release from custody at the time would depreciate the seriousness of the crime of which the defendant stands convicted or promote disrespect for the law." *See also* Tenn. Bd. Parole R. 1100-01-01-.07(4). Courts have repeatedly upheld Board decisions denying parole for this reason.[4]

---

[3] Courts have held that a deferral of five years or more of a parole hearing is not arbitrary. *See Bibbs v. Tenn. Bd. of Parole*, No. M2015-01755-COA-R3-CV, 2016 WL 1650302, at *5 (Tenn. Ct. App. Apr. 22, 2016) (holding that a six-year deferral was not arbitrary); *Tutton v. Tenn. Bd. of Prob. & Parole*, No. M2012-02513-COA-R3-CV, 2013 WL 6729811, at *3 (Tenn. Ct. App. Dec. 18, 2013) (holding that the Board did not act arbitrarily or illegally in setting parole hearing six years from the last hearing); *Hendricks v. Tenn. Bd. of Prob. & Parole*, No. M2010-01651-COA-R3-CV, 2011 WL 2135445, at *5 (Tenn. Ct. App. May 25, 2011) (holding that a six-year deferral was not arbitrary and was permissible under *Baldwin v. Tenn. Bd. of Paroles*, 125 S.W.3d 429 (Tenn. Ct. App. 2003)); *Turner v. Tenn. Bd. of Prob. & Parole*, No. M2009-01908-COA-R3-CV, 2010 WL 3928617, at *3 (Tenn. Ct. App. Oct. 6, 2010) (holding that a six-year deferral was not arbitrary); *Gordon v. Tenn. Bd. of Prob. & Parole*, No. M2006-01273-COA-R3-CV, 2007 WL 2200277, at *4 (Tenn. Ct. App. July 30, 2007) (holding that a five-year deferral was not arbitrary); *York v. Tenn. Bd. of Prob. & Parole*, No. M2005-01488-COA-R3-CV, 2007 WL 1541360, at *6 (Tenn. Ct. App. May 25, 2007) (affirming the trial court's finding that a six-year deferral based upon the seriousness of crimes was not arbitrary or capricious); *Berleue v. Tenn. Bd. of Prob. & Parole*, No. M2005-00363-COA-R3-CV, 2006 WL 1540255, at *4 (Tenn. Ct. App. June 5, 2006) (holding that a five-year lapse between parole hearings was not arbitrary).

[4] *Arnold*, 956 S.W.2d at 482–83 (sexual offense); *Bibbs*, 2016 WL 1650302, at *3 (first degree murder of an eleven-year-old girl); *Witt v. Tenn. Bd. of Parole*, No. M2013-02843-COA-R3-CV, 2014 WL 4536648, at *2 (Tenn. Ct. App. Sept. 12, 2014) (first degree murder); *Pham v. Tenn. Bd. of Prob. & Parole*, No. M2013-00955-COA-R3-CV, 2014 WL 1512820, at *2 (Tenn. Ct. App. Apr. 15, 2014) (attempted first degree murder); *Massengale v. Tenn. Bd. of Prob. & Parole*, No. M2011-02249-COA-R3-CV, 2012 WL 3041298, at *2 (Tenn. Ct. App. July 25, 2012) (aggravated rape); *Richardson v. Tenn. Bd. of Prob. & Parole*, No. M2008-02568-COA-R3-CV, 2009 WL 3046960, at *3 (Tenn. Ct. App. Sept. 23, 2009) (rape and armed robbery with a deadly weapon); *McLemore v. Traughber*, No. M2007-00503-COA-R3-CV, 2007 WL 4207900, at *7 (Tenn. Ct. App. Nov. 28, 2007) (rape, burglary, and crimes against nature); *Williams v. Tenn. Bd. of Prob. & Parole*, No. M2006-02336-COA-R3-CV, 2007 WL 3132935, at *3 (Tenn. Ct. App. Oct. 26, 2007) (robbery by use of a deadly weapon and murder during the perpetration of a robbery); *Gordon*, 2007 WL 2200277, at *2 (first degree murder); *York*, 2007 WL 1541360, at *2 (first degree murder); *Berleue*, 2006 WL 1540255, at *3 (first degree murder); *Meeks v. Traughber*, No. M2003-02077-COA-R3-CV, 2005 WL 280746, at *3 (Tenn. Ct. App. Feb. 4, 2005) (aggravated kidnapping, aggravated robbery, and extortion); *Baldwin*, 125 S.W.3d at 431 (first degree murder); *Ali v. Tenn. Bd. of Prob. & Parole*, No. M2001-01194-COA-R3-CV, 2002 WL 83608, at *2 (Tenn. Ct. App. Jan. 22, 2002) (first degree burglary,

Mr. Brennan argues that, although the offense of attempted rape of a child is a parole-eligible offense, the Board denied parole solely because he committed a sexual offense. Mr. Brennan submits that the Board failed to provide a detailed reason for its decision and failed to consider the specific facts of the offense; Mr. Brennan's good institutional record; his completion of a sexual offender treatment program; his remorse and apology to the victim; his personal circumstances; the support for parole from the victim, family members, and friends; and his plans upon release.

Parole decisions are fact-intensive, and the record does not support Mr. Brennan's conclusory statement that he was denied parole based solely on the nature of his offense. The Board's hearing officer stated he had considered the various written and oral statements submitted by Mr. Brennan and would provide the listed materials to the Board for review. The hearing officer questioned Mr. Brennan regarding the offenses and the efforts he had made while incarcerated to improve his educational, vocational, and employment skills. Tenn. Code Ann. § 40-35-503(g). Mr. Brennan faults the Board for not giving a detailed explanation for its decision; however, the Board gave an adequate, legally-sufficient explanation for its decision and was not required to provide a more detailed reason. *Hopkins*, 60 S.W.3d at 83; *Boyd*, 2001 WL 360702, at *2; *Jordan*, 1997 WL 13756, at *4. Mr. Brennan contends he has done well in prison; has the support of the victim, family members, and friends; has undergone sexual offender treatment; and has a plan for the future. These facts, while favorable to Mr. Brennan, do not entitle him to parole. *See Hamilton v. Tenn. Bd. of Prob. & Parole*, No. M2016-00458-COA-R3-CV, 2016 WL 6581923, at *2 (Tenn. Ct. App. Nov. 4, 2016); *Bibbs*, 2016 WL 1650302, at *3; *Witt*, 2014 WL 4536648, at *2; *Hopkins*, 60 S.W.3d at 83; *Robinson*, 13 S.W.3d at 364.

---

armed robbery, and aggravated rape); *Harris v. Traughber*, No. M2000-01146-COA-R3-CV, 2001 WL 788423, at *3 (Tenn. Ct. App. July 13, 2001) (sexual battery, aggravated sexual battery, and rape); *Hopkins*, 60 S.W.3d at 83 (aggravated rape); *Dyer v. Tenn. Bd. of Paroles*, No. M1999-00787-COA-R3-CV, 2001 WL 401596, at *2 (Tenn. Ct. App. Apr. 23, 2001) (first degree murder and grand larceny); *Boyd v. Tenn. Bd. of Paroles*, No. M1998-00914-COA-R3-CV, 2001 WL 360702, at *2 (Tenn. Ct. App. Apr. 12, 2001) (second degree murder); *Sweatt v. Tenn. Bd. of Paroles*, No. M1999-02265-COA-R3-CV, 2000 WL 1514071, at *3–4 (Tenn. Ct. App. Oct. 12, 2000) (aggravated rape of eleven-year-old child); *Johnson v. Traughber*, No. M1999-02472-COA-R3-CV, 2000 WL 1183083, at *2 (Tenn. Ct. App. Aug. 22, 2000) (robbery); *Robinson*, 13 S.W.3d at 363 (armed robbery and aggravated kidnapping); *Miller v. Tenn. Bd. of Paroles*, No. 01A01-9804-CH-00177, 1999 WL 159726, at *2 (Tenn. Ct. App. Mar. 24, 1999) (rape, incest, and aggravated rape of his daughter, who was less than thirteen years old at the time of the offenses); *Tomlinson v. Traughber*, No. 01-A-01-9703-CH00143, 1997 WL 330650, at *2 (Tenn. Ct. App. June 18, 1997) (aggravated rape, assault with attempt to murder, and attempt to commit rape); *Jordan v. Tenn. Bd. of Paroles*, No. 01A-01-9607-CH-00347, 1997 WL 13756, at *4 (Tenn. Ct. App. Jan. 16, 1997) (aggravated rape, armed robbery, and second degree murder); *South v. Tenn. Bd. of Paroles*, 946 S.W.2d 310, 312 (Tenn. Ct. App. 1996) (aggravated sexual battery of his three granddaughters, each under the age of thirteen); *Mosley v. Tenn. Bd. of Paroles*, No. 01A-01-9604-CH-00162, 1996 WL 631477, at *3 (Tenn. Ct. App. Nov. 1, 1996) (burglary and aggravated robbery); *Dalton v. Tenn. Bd. of Paroles*, No. 01-A-01-9601-CH00029, 1996 WL 230209, at *5 (Tenn. Ct. App. May 8, 1996) (aggravated rape and sexual battery of twelve-year-old stepdaughter and violation of bond).

The Board was required to consider a number of factors in making its decision.[5] We have carefully reviewed the evidence presented to the Board, which shows that Mr. Brennan has the support of the victim, his family, and friends; has behaved well as a prisoner; regrets his wrongful actions; has apologized to the victim; and has plans for the future that include employment, church attendance, and continued sexual offender therapy. Mr. Brennan has served only a small portion of his twenty-year sentence for sexually assaulting his ten-year-old sister over a period of a month and a half. After considering these and other factors, the Board denied parole, as was its prerogative. It is not our role to inquire into the intrinsic correctness of the Board's decision.

There is no indication the Board acted illegally, fraudulently, or arbitrarily in denying Mr. Brennan parole based on the seriousness of the offense. The evidence does not support Mr. Brennan's claim that the Board categorically denied parole without considering the appropriate factors. Essentially, Mr. Brennan challenges the intrinsic correctness of the Board's decision, which is beyond the scope of appellate review. *Arnold*, 956 S.W.2d at 480; *Powell*, 879 S.W.2d at 873. The Board appropriately considered and followed the statutory mandate to deny parole based upon its finding that release from custody would depreciate the seriousness of the crime for which Mr. Brennan was convicted or would promote disrespect for the law.

## III.

We affirm the Chancery Court's decision upholding the Board's denial of parole and reverse the decision of the Court of Appeals. It appearing that Mr. Brennan is indigent, costs of this appeal are taxed to the Tennessee Board of Parole.

---

SHARON G. LEE, JUSTICE

---

[5] The Board may consider the following criteria to determine whether to grant or deny parole: the nature of the crime and its severity; the prisoner's previous criminal record; the prisoner's institutional record; the prisoner's circumstances if returned to the community; any mitigating or aggravating circumstances surrounding the offense; views of the community, victims of the crime or their family, institutional staff, probation and parole officers, or other interested parties; the prisoner's training, including vocational and educational achievements; the prisoner's employment history, his occupational skills, and the stability of his past employment; and any other factors the Board deems relevant. Tenn. Bd. Parole R. 1100-01-01-.07(1). In addition, the Board was required to consider whether there is a substantial indication that he will not conform to the conditions of parole; whether early release from custody would depreciate the seriousness of the crime, promote disrespect for the law, or have a substantially adverse effect on institutional discipline; and whether continued treatment, medical care, or training in the institution will substantially improve his ability to lead a law-abiding life when given release status at a later time. Tenn. Code Ann. § 40-35-503(b); Tenn. Bd. Parole R. 1100-01-01-.07(4).