
IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 4, 2017

## JAMES WILLIAM TAYLOR v. TENNESSEE DEPARTMENT OF CORRECTION ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 16-0046-IV     Russell T. Perkins, Chancellor**

_____

### No. M2016-01350-COA-R3-CV

_____

An inmate in the custody of the Department of Correction appeals the dismissal of his petition for declaratory judgment. He claims his sentence is calculated incorrectly, and he is entitled to custodial parole and safety valve hearings. Upon motion of the Respondents, the trial court granted summary judgment dismissing the petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II and BRANDON O. GIBSON, JJ., joined.

James William Taylor, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter, Andree S. Blumstein, and Charlotte Davis, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Correction, Derrick Schofield; Tennessee Board of Parole, Commissioner Richard Montgomery; Sentencing Information Service, Manager Jeannetta Kimbro; Legal Services Department of Correction, Douglas Stephens.

### OPINION

James William Taylor ("Petitioner"), an inmate housed at Northwest Correctional Complex, is in the custody of the Tennessee Department of Correction ("TDOC") serving several consecutive sentences including one life sentence. On January 15, 2016, Petitioner filed this declaratory judgment action contending he is entitled to parole consideration because his sentence is "calculated incorrectly." The respondents are Derrick Schofield, Richard Montgomery, Jeanetta Kimbro, and Douglas Stephens ("Respondents").

Petitioner filed a "Motion to Add Show of Cause for Damages and Request for Relief" on May 24, 2016, in which he contended his constitutional rights had been violated due to the incorrect calculation of his sentence. He further argued that he qualified for custodial parole and safety valve consideration. On June 6, 2016, Respondents filed a Motion for Summary Judgment asserting Petitioner was not entitled to custodial parole or safety valve consideration and that his sentence was calculated correctly. Respondents filed with the motion a memorandum of law, a statement of undisputed facts, and an affidavit from Candace J. Whisman, Director of Sentence Management Services. The trial court found the material facts undisputed, which we summarize below.

On August 19, 1988, Petitioner was convicted of first degree murder, second degree burglary, and simple robbery in Case #188-108, to which he was sentenced as follows:

(1) a life sentence for first degree murder with release eligibility after service of 30 years pursuant to Tenn. Code Ann. § 40-35-501(f) (Supp. 1987);
(2) a 15-year sentence for second degree burglary (to be served at 35%) to run consecutively to the life sentence for first degree murder; and
(3) a 15-year sentence for simple robbery (to be served at 35%) to run consecutively to the sentence for second degree burglary.

Four months later, on December 21, 1988, Petitioner pled guilty to several crimes and received the following sentences, all of which Petitioner has completed:

(1) a six-year sentence for second degree burglary;
(2) a four-year sentence for second degree burglary;
(3) a four-year sentence for second degree burglary;
(4) a three-year sentence for receiving stolen property; and
(5) a one-year sentence for concealing stolen property.

Following an analysis of the status of each sentence and the effect each had on the other sentences, the trial court found that all of Petitioner's sentences were in accordance with Tenn. Code Ann. § 40-35-501 (Supp. 1987), the Tennessee Criminal Reform Act of 1982. The trial court further noted that "for consecutive sentences, the periods of ineligibility for release shall be calculated for each sentence and shall be added together to determine the release eligibility date for the consecutive sentences." Tenn. Code Ann. § 40-55-50l(m). More specifically, the trial court explained the calculation as follows:

The overall release eligibility date is based on 30 years for the life sentence plus 10 years and 6 months (35% of 15 plus 15 years). Since [Petitioner] has a life sentence, there is no expiration date. He has earned a total of

3,767 days of Prisoner Sentence Reduction Credits ("PSRC") in accordance with Tenn. Code Ann. § 41-21-236 and these have been applied to reduce the original calculated release eligibility date to the current date of January 25, 2018.

After reviewing the calculations as explained in the affidavit of Candace Whisman, the trial court concluded that it "demonstrates that he has received all of the credit to which he is due and that he has received all sentence credits to which he is entitled." The court subsequently found no error in the TDOC's calculation of the release eligibility date or sentence.

The court then addressed Petitioner's argument that he was eligible for custodial parole under *Howell v. State*, 569 S.W.2d 428 (Tenn. 1978). It explained that *Howell* did not apply to Petitioner's case because the Tennessee Supreme Court decided *Howell* prior to the Tennessee Criminal Reform Act of 1982, the law which governs Petitioner's case. The court further noted that, even if *Howell* did apply, Petitioner would still be ineligible for custodial parole, because *Howell* only applied to determinate sentences as established by the law in effect prior to the Tennessee Criminal Reform Act of 1982. Thus, Petitioner did not have a determinate sentence. Additionally, the trial court stated that Petitioner did not qualify for safety valve release, because the governor had excluded homicide sentences from consideration.

As for the contention that his sentence calculation violated the Ex Post Facto Clause, the trial court relied on *State v. Pearson*, 858 S.W.2d 879, 883 (Tenn. 1993) to conclude that the question was "whether the law changes the punishment to the [prisoner's] disadvantage, or inflicts a greater punishment than the law allowed when the offense occurred." *Id.* The trial court then stated that Petitioner's sentence had been "correctly calculated in accordance with the law at the time of his crimes," and therefore, there was no violation of the ex post facto laws. For the foregoing reasons, the trial court summarily dismissed the petition. This appeal followed.

## SUMMARY JUDGMENT

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.* In so doing, we consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it may satisfy its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the *summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original).

## ANALYSIS

In this appeal, Petitioner contends that the trial court erred when it granted Respondents' motion for summary judgment because his sentence is a determinate sentence under Tenn. Code Ann. § 40-35-211, and thus, he is entitled to custodial parole. He also argues that he is entitled to safety valve consideration.

A convicted person has no constitutional or inherent right to be released before the expiration of a valid sentence. *Brennan v. Bd. of Parole*, No. M2014-01591-SC-R11-CV, --- S.W.3d ----, 2017 WL 112820, at *2 (Tenn. Jan. 10, 2017) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). The TDOC possesses sole responsibility for the calculation of a prisoner's release eligibility date "of any felony offender sentenced to the [D]epartment and any felony offender sentenced to confinement in a local jail or workhouse for one (1) or more years." *Id*. (citing Tenn. Code Ann. § 40-35-501(a)(1), (r)).[1] Accordingly, the Tennessee Supreme Court limits judicial review of a parole decision "to consideration of whether the Board exceeded its jurisdiction, acted illegally, arbitrarily, or fraudulently." *Id.* Thus, a court cannot "reweigh the evidence," substituting its calculation for that of the TDOC. *Id.*

---

[1] Tenn. Code Ann. § 8-8-201(a)(3) does, however, impose a duty upon Tennessee Sheriffs "to enforce the terms of a judgment ordering a sentence of split confinement." *Shorts v. Bartholomew*, 278 S.W.3d 268, 282 (Tenn. 2009). As the court explained in *Shorts*:

> Like the participants in this case, we believe the existing statutes are inconsistent and overlapping, while at the same time leaving gaps concerning the responsibility for sentence calculation and release in all situations. Nevertheless, we answer the District Court's certified question by holding that Tennessee Code Annotated section 8-8-201(a)(3) does not impose a duty upon a Tennessee sheriff to calculate the release date and order the release of a TDOC prisoner. *The statute does, however, impose a duty upon a Tennessee sheriff to enforce the terms of a judgment ordering a sentence of split confinement. This duty includes noting the term of confinement provided for in the judgment order, crediting the prisoner for time served as indicated on the judgment order, calculating any credits that may be earned, and timely releasing the prisoner at the conclusion of the period of confinement ordered.*

*Id*. (emphasis added).

The trial court engaged in a detailed and thorough review of each sentence. It found no evidence that the TDOC acted illegally, arbitrarily or fraudulently. Rather, the trial court found that all of Petitioner's sentences were calculated in accordance with Tenn. Code Ann. § 40-35-501 (Supp. 1987), the applicable law at the time Petitioner committed his crimes. The trial court also correctly determined that Petitioner did not qualify for custodial parole consideration, because custodial parole applied only to determinate sentences imposed prior to the Tennessee Criminal Reform Act of 1982 (Tenn. Code Ann. § 40-35-501). Nor did Petitioner meet the eligibility requirements for safety valve release, because the governor excluded homicide crimes from consideration.

Having reviewed the record, we agree with the trial court's findings. We have also determined there is no genuine issue as to these material facts. Accordingly, the trial court properly granted summary judgment because there is no dispute regarding the material facts in this matter, which demonstrate that Petitioner's sentences were calculated in accordance with the applicable law.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against James William Taylor.

_____
FRANK G. CLEMENT, JR., P.J., M.S.