IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 3, 2019

## REX A. FERGUSON v. TENNESSEE BOARD OF PAROLE

Appeal from the Chancery Court for Davidson County
No. 17-548-III      Ellen H. Lyle, Chancellor

_____

### No. M2018-01784-COA-R3-CV

_____

This is an appeal from the judgment of the trial court denying an inmate's petition for writ of certiorari challenging the Tennessee Board of Parole's denial of parole. The inmate contends the Board's decision to deny parole based solely on the seriousness of the offense was arbitrary and capricious, and the trial court abused its discretion in denying his petition. More specifically, he contends that denying parole on the basis of one factor, the seriousness of the offenses, "in the face of so many positive factors, without an explanation of how these positive factors do not outweigh the seriousness of the offense, constitutes an arbitrary and capricious decision contrary to the weight of the evidence in the record." Having determined that "'seriousness of the offense' is a proper, independent basis to deny parole release," the trial court denied the petition for writ of certiorari. Because the seriousness of the offense is a proper, independent basis for denying parole under Tenn. Code Ann. § 40-35-503(b)(2), and the trial court did not abuse its discretion in denying the petition, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON II and KENNY W. ARMSTRONG, JJ., joined.

Randall Eugene Reagan and Douglas A. Trant, Knoxville, Tennessee, for the appellant, Rex A. Ferguson.

Pamela S. Lorch, Nashville, Tennessee, for the appellee, Tennessee Board of Parole.

### OPINION

Rex A. Ferguson ("Petitioner"), who has been incarcerated since 1993, is serving a 96-year sentence on two counts of especially aggravated kidnapping and three counts of aggravated rape of two women.

The Tennessee Board of Parole (the "Board") held its initial parole-release hearing concerning Petitioner on August 1, 2016. In support of his request for parole, Petitioner presented certificates of completion regarding several vocational training courses, as well as courses in anger management, alcohol and substance abuse, and the pro-life social class. In addition, he presented several letters of support from correctional staff and Petitioner's family. It was also recognized that he received his General Equivalency Diploma in 1993 from the Tennessee Department of Corrections. Additionally, Petitioner presented a Parole Offender Release Plan establishing that he had obtained employment upon his release and detailing where he would be living. No one appeared in opposition to Petitioner being granted parole, no written statements in opposition to parole were presented, and it was undisputed that Petitioner had no disciplinary "write-ups" since 2013.

During the August 1, 2016 hearing, the Board voted to continue the hearing in order to obtain a psychological evaluation of Petitioner. After receiving the psychological evaluation, the Board reconvened the hearing on March 28, 2017, and denied parole due to the seriousness of his offenses.

On June 1, 2017, Petitioner filed a petition for common-law writ of certiorari challenging the denial of parole by the Board. On February 16, 2018, the Board filed a Notice of No Opposition to Granting Petition for Writ of Certiorari. The trial court granted the petition for writ of certiorari by written order filed on February 23, 2018, ordered the Board to prepare and certify the record of the parole board proceedings, and set a briefing schedule. On August 30, 2018, the trial court filed its Memorandum and Order Denying Petition for Writ of Certiorari Challenging Denial of Parole. This appeal followed.

## ANALYSIS

"Prisoners do not have an absolute right to be released on parole." *Brennan v. Bd. of Parole*, 512 S.W.3d 871, 873 (Tenn. 2017). "Parole is a privilege, not a right." *Id.* (citing Tenn. Code Ann. §§ 40-28-117(a)(1), 40-35-503(b); Tenn. Bd. Parole R. 1100-01-01-.02(2)); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

The procedure for obtaining judicial review of the Board's parole decision is by way of a common-law writ of certiorari. *Hopkins v. Tenn. Bd. of Paroles & Prob.*, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001); *see also Thandiwe v. Traughber*, 909 S.W.2d 802, 803 (Tenn. Ct. App. 1994)). Review of the Board's parole decision by the trial court and the appellate court is limited to whether the Board exceeded its jurisdiction, followed an unlawful procedure, or acted without material evidence to support its decision, i.e.,

acted illegally, arbitrarily, or fraudulently. *See Stewart v. Schofield*, 368 S.W.3d 457, 465 (Tenn. 2012); *Greenwood v. Tennessee Bd. of Parole*, 547 S.W.3d 207, 217 (Tenn. Ct. App. 2017) ("[I]f no material evidence exists to support the Board's decision, it is arbitrary or illegal."). "The reviewing court does not inquire into the intrinsic correctness of the decision, reweigh the evidence, or substitute its judgment for that of the Board." *Brennan*, 512 S.W.3d at 873. Stated another way, "it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached." *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994).

Petitioner contends the Board acted arbitrarily in denying parole based solely on the seriousness of his offenses. He also contends the decision was arbitrary because the Board failed to provide a detailed reason for its decision and failed to consider the specific facts of the offense.

As the Board correctly notes in its brief, "[c]ourts have repeatedly upheld Board decisions denying parole [based on the seriousness of the crime]." *Brennan*, 512 S.W.3d at 875 & n.4. As was the case in *Brennan*, the Board based its denial of parole on Tenn. Code Ann. § 40-35-503(b)(2), which provides that "no inmate convicted shall be granted parole if the board finds that . . . [t]he release from custody at the time would depreciate the seriousness of the crime of which the defendant stands convicted or promote disrespect for the law." *Accord* Tenn. Bd. Parole R. 1100-01-01-.07(4).

In *Brennan*, the inmate argued that, "although the offense of attempted rape of a child is a parole-eligible offense, the Board denied parole solely because he committed a sexual offense." 512 S.W.3d at 876. Like here, Mr. Brennan also contended that "the Board failed to provide a detailed reason for its decision and failed to consider the specific facts of the offense." *Id.* The Supreme Court found Mr. Brennan's challenges to the denial of his parole deficient, stating:

> Parole decisions are fact-intensive, and the record does not support Mr. Brennan's conclusory statement that he was denied parole based solely on the nature of his offense. The Board's hearing officer stated he had considered the various written and oral statements submitted by Mr. Brennan and would provide the listed materials to the Board for review. The hearing officer questioned Mr. Brennan regarding the offenses and the efforts he had made while incarcerated to improve his educational, vocational, and employment skills. Mr. Brennan faults the Board for not giving a detailed explanation for its decision; however, the Board gave an adequate, legally-sufficient explanation for its decision and was not required to provide a more detailed reason. Mr. Brennan contends he has done well in prison; has the support of the victim, family members, and friends; has undergone sexual offender treatment; and has a plan for the future. These facts, while favorable to Mr. Brennan, do not entitle him to

parole.

> The Board was required to consider a number of factors in making its decision. We have carefully reviewed the evidence presented to the Board, which shows that Mr. Brennan has the support of the victim, his family, and friends; has behaved well as a prisoner; regrets his wrongful actions; has apologized to the victim; and has plans for the future that include employment, church attendance, and continued sexual offender therapy. Mr. Brennan has served only a small portion of his twenty-year sentence for sexually assaulting his ten-year-old sister over a period of a month and a half. After considering these and other factors, the Board denied parole, as was its prerogative. It is not our role to inquire into the intrinsic correctness of the Board's decision.

*Id.* at 876–77 (internal citations omitted) (footnote omitted).

Because the Board notified Petitioner that the reason it denied parole was due to the seriousness of his crimes, the Board gave Petitioner an adequate, legally-sufficient explanation for its decision and was not required to provide a more detailed reason. *See Brennan*, 512 S.W.3d at 876 (citing *Hopkins*, 60 S.W.3d at 83; *Boyd v. Tenn. Bd. of Paroles*, No. M1998-00914-COA-R3-CV, 2001 WL 360702, at *2 (Tenn. Ct. App. Apr. 12, 2001); *Jordan v. Tenn. Bd. of Paroles*, No. 01A-01-9607-CH-00347, 1997 WL 13756, at *4 (Tenn. Ct. App. Jan. 16, 1997)).

Petitioner also contends the Board failed to follow the mandate of Tenn. Code Ann. § 40-35-503(g) by failing to consider his completion of education, vocational, and employment skills programs in making the decision to deny parole. We find this contention is not supported by the record. To the contrary, the record reveals the following dialogue between Chairman Montgomery and Petitioner, which occurred near the end of the first day of the parole hearing:

MONTGOMERY: Thank you for those comments and words. I hear remorse. And, of course, I tell you this so you understand, that there's two women out there that's lives will never be the same, that they have to live with what happened to them forever.

FERGUSON: Yes, sir.

MONTGOMERY: And, it's, you know, very, very traumatic. Some people may never get over it. You know, but—so it's very, very serious, what's taking place here.

FERGUSON:       Yes.

MONTGOMERY:     I would have to say that, you know, I do have to look at the write-ups that you had up until the last three years. It looks like you've turned that around and you have been able to adjust and start to live within the confines of the institution and the way you're supposed to live.

I'm going to recommend psychological evaluation on you. Because of the recommendations that I've gotten, the letters I've gotten and from the support, and the way you have conducted yourself, I'm going to allow that. It's very unusual, when there's two rapes involved of two different people, but I am going to do that. I'm going to recommend psychological evaluation. And we will conduct the next hearing on 3/17, I think it is. I will set it at 3/17. And we'll see how the psychological evaluation goes and go from there.

That doesn't necessarily mean that you're going to be released. That just gives us some kind of a measuring stick there as to how you're doing and what might be the possibilities on down the road. So don't take that as something that's going to automatically let you out.

You know, we don't want to lead you into a false sense of anything. But we do think that that is the law, it has to be done. We have to do a psychological valuation before anybody involved in rape is released, so we will take that step and do that at this time.

That's my vote. That doesn't necessarily mean that the other board members are going to agree with that vote. But we'll know in about seven to ten days when we get four alike votes. Okay?

FERGUSON:       Okay. Thank you.

MONTGOMERY:     I wish you good luck. And I want to appreciate—I want to thank everybody here that testified at this hearing today. It's been very much important to me as

- 5 -

a hearing officer to be able to get all the information I
can to make these decisions. So thank you very much.
Y'all have a safe trip home. I appreciate it.

As the transcript from the parole hearing reveals, the Board received and considered Petitioner's accomplishments while in prison, as evidenced by Chairman Montgomery's observation that "[i]t looks like you've turned that around and you have been able to adjust and start to live within the confines of the institution and the way you're supposed to live." Moreover, the record also reveals that the Board gave Petitioner no indication that he would be paroled if the psychological evaluation was favorable. To the contrary, Chairman Montgomery expressly stated, "That doesn't necessarily mean that you're going to be released. That just gives us some kind of a measuring stick there as to how you're doing and what might be the possibilities on down the road. So don't take that as something that's going to automatically let you out."

As was the case in *Brennan*, Petitioner has served only a small portion of his 96-year sentence. After considering the foregoing factors, the Board decided to deny parole under Tenn. Code Ann. § 40-35-503(b)(2) due to the seriousness of Petitioner's convictions on two counts of especially aggravated kidnapping and three counts of aggravated rape of two women. As mentioned earlier, "[c]ourts have repeatedly upheld Board decisions denying parole [based on the seriousness of the crime]." *Brennan*, 512 S.W.3d at 875 & n.4. Thus, the Board denied parole, as was its prerogative, and it is not our role to inquire into the intrinsic correctness of the Board's decision. *See id*. at 877.

Based on the foregoing and the entire record, we find no basis upon which to conclude that the Board applied an incorrect legal standard in reaching its decision or that its decision was against logic or reasoning. Accordingly, we affirm.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Rex A. Ferguson.

_____
FRANK G. CLEMENT JR., P.J., M.S.

- 6 -