IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 1, 2025

## DARRYL WHISNANT v. TENNESSEE BOARD OF PROBATION AND PAROLE

Appeal from the Chancery Court for Davidson County
No. 24-0057-II     Anne C. Martin, Chancellor

_____

## No. M2024-01569-COA-R3-CV
_____

This appeal concerns a decision by the Tennessee Board of Parole ("the Board"). Following a hearing, the Board denied parole to inmate Darryl Whisnant ("Whisnant"). The Board said that, going forward, Whisnant should complete his programming as recommended by his Strong R Assessment, namely by continuing his positive behavior, remaining drug free, and taking a few minutes each day for positive reflection. Whisnant filed a petition for writ of certiorari in the Chancery Court for Davidson County ("the Trial Court"). The Trial Court upheld the Board's decision. Whisnant appeals. According to Whisnant, the Board violated Tenn. Code Ann. § 40-35-503(b)(2)(B) by failing to state in writing how he could improve his chances of being released on parole. Whisnant argues that his recommended tasks were open-ended and impossible to complete. We find, as did the Trial Court, that the tasks given to Whisnant clearly were meant to be complied with up to his next parole hearing, at which time the Board can consider Whisnant's compliance or non-compliance as part of its decision-making. The recommended tasks are neither open-ended nor impossible to complete. We hold that the Board complied with Tenn. Code Ann. § 40-35-503(b)(2)(B). We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Darryl Whisnant, Only, Tennessee, Pro Se appellant.

Jonathan Skrmetti, Attorney General and Reporter, and Benjamin Owen, Assistant Attorney General, for the appellee, the Tennessee Board of Parole.

# OPINION

## Background

Whisnant was sentenced to thirty years in prison for the attempted rape of a child. In July 2023, Whisnant went before the Board for a parole hearing. Whisnant spoke, as did the victim's family. Following the hearing, the Hearing Officer recommended denying parole. The Board adopted the Hearing Officer's recommendation and denied parole based on the seriousness of Whisnant's offense. In a letter to Whisnant, the Board also said that, going forward, Whisnant should complete his programming as recommended by his Strong R Assessment. This consisted of continuing his positive behavior, remaining drug free, and taking a few minutes each day for positive reflection. Whisnant's next parole hearing was scheduled for July 2029. Whisnant filed an administrative appeal of the Board's decision, which was denied in November 2023.

In January 2024, Whisnant timely filed a petition for writ of certiorari in the Trial Court challenging the Board's decision. Whisnant argued then, as he does now, that his recommended tasks were open-ended and impossible to fulfill such that they amounted to a violation of Tenn. Code Ann. § 40-35-503(b)(2)(B), which provides: "If the board denies parole for the seriousness of the offense, then the board shall state in writing how the inmate can improve the inmate's chances of being released on parole at the inmate's next hearing[.]" (West eff. July 1, 2022). The Trial Court granted the writ and considered Whisnant's petition. In September 2024, the Trial Court entered an order upholding the Board's decision. As relevant, the Trial Court stated:

> While Petitioner contends that he has no programming to complete, the results of the Strong-R Assessment suggest otherwise. Although there is no target date for completion, they are still actions that can be performed until the next parole hearing. Based upon the narrow standard of judicial review, the Court cannot find that the Board failed to comply with Tenn. Code Ann. § 40-35-503(b)(2)(B).

Whisnant timely appealed to this Court.

## Discussion

Although not stated exactly as such, Whisnant raises the following issue on appeal: whether the Trial Court erred in finding that the Board complied with Tenn. Code Ann. § 40-35-503(b)(2)(B).

Our Supreme Court has discussed the limited standard of review applicable to decisions by the Board to grant or deny parole as follows:

> Prisoners do not have an absolute right to be released on parole. *Hopkins v. Tenn. Bd. of Paroles & Prob.*, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001) (citing *Graham v. State*, 202 Tenn. 423, 304 S.W.2d 622, 623-24 (1957)). Parole is a privilege, not a right. Tenn. Code Ann. §§ 40-28-117(a)(1), 40-35-503(b); Tenn. Bd. Parole R. 1100-01-01-.02(2); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").
>
> \*\*\*
>
> Judicial review of a parole decision made by the Board is narrow; it is limited to consideration of whether the Board exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. Tenn. Code Ann. § 27-8-101; *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012); *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003). The reviewing court does not inquire into the intrinsic correctness of the Board's decision, reweigh the evidence, or substitute its judgment for that of the Board. *State v. Lane*, 254 S.W.3d 349, 355 (Tenn. 2008); *Robinson v. Clement*, 65 S.W.3d 632, 635 (Tenn. Ct. App. 2001). The court considers only the manner in which the decision was made. *Stewart*, 368 S.W.3d at 463 (citing *Arnold v. Tenn. Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997); *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994)).

*Brennan v. Bd. of Parole*, 512 S.W.3d 871, 873 (Tenn. 2017). "In writ of certiorari proceedings, a court does not have the authority to reweigh the evidence presented to the Board or substitute its own judgment for that of the Board." *Greenwood v. Tennessee Bd. of Parole*, 547 S.W.3d 207, 216-17 (Tenn. Ct. App. 2017). "[I]f no material evidence exists to support the Board's decision, it is arbitrary or illegal." *Id.* at 217. "[T]his Court's scope of review of the board's determination 'is no broader or more comprehensive than that of the trial court with respect to evidence presented before the [b]oard.'" *Gordon v. Tenn. Bd. of Prob. and Parole*, No. M2006-01273-COA-R3-CV, 2007 WL 2200277, at \*2 (Tenn. Ct. App. July 30, 2007), *no appl. perm. appeal filed* (quoting *Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 277 (Tenn. 1980)). We review a trial court's legal conclusions *de novo* without a presumption of correctness. *Gordon*, 2007 WL 2200277, at \*2.

Whisnant argues that the Board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily by giving him tasks for improving his chances for parole that are impossible to fulfill. Whisnant asserts that the tasks can never be completed, in contravention of the substantive requirements of Tenn. Code Ann. § 40-35-503(b)(2)(B). Whisnant asks for a new parole hearing.

First, the tasks recommended to Whisnant are not open-ended. The tasks are a means by which Whisnant can improve his chances for parole. Whisnant's next opportunity for parole comes at his next scheduled parole hearing. Clearly, the tasks are meant to be completed by then, at which time the Board can consider Whisnant's compliance or non-compliance as part of its decision-making. Completion in this context means that—up to Whisnant's next parole hearing—he continues his positive behavior, remains drug free, and takes a few minutes each day for positive reflection. There is nothing impossible about any of these tasks. They can all be done by Whisnant up to his next parole hearing.

In his brief, Whisnant asserts that, even if he fulfills these tasks, he has no way of demonstrating that to the Board. We disagree. Whisnant's behavior can be observed by other people. It is an external fact. Whether Whisnant's behavior is positive or negative can be assessed by the Board. With respect to his remaining drug free, this too is capable of assessment. Finally, while the Board cannot directly know or observe whether Whisnant has reflected positively for a few minutes each day, as the Board cannot read Whisnant's mind, Whisnant can still speak to whether he has done so. Each of Whisnant's recommended tasks is clear, definite, and achievable. Whether Whisnant will comply with these tasks is on him, but the tasks themselves are not impossible. We hold that the Board, by stating in writing what Whisnant can do to improve his chances for parole, has complied with Tenn. Code Ann. § 40-35-503(b)(2)(B). In addition, we note that improving chances for parole is not the same thing as guaranteeing parole. The final decision on parole remains the Board's to make subject to applicable law. We affirm.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Darryl Whisnant, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

-4-