IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 7, 2019 Session

## BRADLEY JAMES COX v. LAURA NICOLE LUCAS

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Knox County**
**No. 110074   Gregory S. McMillan, Judge**

_____

**No. E2017-02264-SC-R11-CV**

_____

We granted this appeal to consider whether a circuit court loses continuing, exclusive subject matter jurisdiction if a post-divorce petition seeking modification of a parenting plan adopted in a final divorce decree alleges facts that are tantamount to claims of dependency and neglect, over which juvenile courts have exclusive original jurisdiction pursuant to Tennessee Code Annotated section 37-1-103. After we granted this appeal, the General Assembly amended section 37-1-103 to expressly provide that a circuit court retains subject matter jurisdiction in these circumstances until and unless a pleading is filed or relief is sought in juvenile court and the juvenile court's exclusive original jurisdiction is invoked. Act of April 18, 2019, 2019 Tenn. Pub. Acts ch. 167. The General Assembly applied this amendment to all cases pending on its April 18, 2019 effective date, including this appeal. Id. § 2. Because no pleading was filed in juvenile court nor was the juvenile court's exclusive jurisdiction invoked in any other manner in this case, the circuit court retained subject matter jurisdiction of the post-divorce petition. Therefore, the judgment of the Court of Appeals is reversed, and the judgment of the circuit court is reinstated.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals**
**Reversed and Judgment of the Trial Court Reinstated**

CORNELIA A. CLARK, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and SHARON G. LEE, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

R. Deno Cole, Darren V. Berg, and R. Samuel English (at trial), Knoxville, Tennessee, for the appellant, Bradley James Cox.

Austin Brett Lucas, Brentwood, Tennessee, for the appellee, Laura Nicole Lucas.

# OPINION[1]

## I. Factual and Procedural History

Bradley James Cox ("Father") and Laura Nicole Lucas ("Mother") were divorced by a final decree of the Circuit Court for Knox County, Tennessee ("Circuit Court"), entered on July 7, 2008. This final decree adopted and incorporated the parties' Marital Dissolution Agreement, which in turn, adopted and incorporated their Permanent Parenting Plan ("PPP"). The PPP designated Mother as primary residential parent of the parties' five-year-old child and gave Mother major decision-making authority. Father received substantial parenting time under the PPP.

Seven years later, on November 10, 2015, Father returned to the Circuit Court and filed a petition seeking modification of the PPP and emergency relief pursuant to Tennessee Code Annotated sections 36-6-101 et seq. In support of these requests, Father alleged certain facts concerning Mother's conduct and her care of the minor child. Father requested exclusive care, custody, and control of the minor child, and he alleged that the minor child lacked proper care and supervision and was in danger of immediate and irreparable harm in Mother's care. On the same day Father filed this petition, the Circuit Court entered an interim emergency order granting Father immediate sole custody of the minor child and setting a hearing within fifteen days. See Tenn. Code Ann. § 36-6-405(b) (2017) (authorizing this process).

On December 8, 2015, Mother filed an answer denying the allegations of Father's petition. After a hearing on December 8, 2015, the Circuit Court granted Mother supervised visitation and telephonic communication with the minor child but reserved all other issues. On December 29, 2015, the Circuit Court entered an order granting Mother's lawyer's motion to withdraw. More than eighteen months later, on July 10, 2017, the Circuit Court entered a modified PPP designating Father the primary residential parent with sole decision-making authority.[2] Mother did not file an appeal from this order.

---

[1] This appeal was consolidated for oral argument with Minyard v. Lucas, No. E2017-02261-SC-R11-CV, and this opinion is being released contemporaneously with Minyard. The attorneys in both cases are the same, as is the appellee, Laura Nicole Lucas.

[2] The record does not reflect what, if anything, occurred between the date Mother's attorney withdrew and the date the Circuit Court entered the modified PPP.

On September 15, 2017, after the time for filing an appeal had expired,[3] Mother, represented by new counsel, filed a document in the Circuit Court styled as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12.02(2) of the Tennessee Rules of Civil Procedure. In substance, however, this motion sought relief that was by then only available under Rule 60.02(3) of the Tennessee Rules of Civil Procedure.[4] Mother argued that the factual allegations of Father's petition were "tantamount to alleging dependency and neglect" as those terms are defined by statute. Cox v. Lucas, No. E2017-02264-COA-R3-CV, 2018 WL 5778969, at *5 (Tenn. Ct. App. Nov. 2, 2018), perm. app. granted (Tenn. Feb. 22, 2019). Mother claimed that these dependency and neglect allegations divested the Circuit Court of subject matter jurisdiction because juvenile courts have exclusive jurisdiction of proceedings involving dependency and neglect allegations pursuant to Tennessee Code Annotated section 37-1-103. As a result, Mother claimed that all of the Circuit Court's orders in the case were void for lack of subject matter jurisdiction. Cox, 2018 WL 5778969, at *3. The Circuit Court held a hearing but denied Mother's motion by a February 20, 2018 order.

Mother appealed, and the Court of Appeals reversed. The Court of Appeals noted that it had located only three prior decisions involving arguments like the one Mother raised. Id. at *4. In the first case, the Court of Appeals flatly rejected the argument and held that the allegations of the post-divorce petition did not divest the chancery court of its continuing jurisdiction to modify the custodial arrangement in the divorce decree. Munday v. Munday, No. E1999-02605-COA-R3-CV, 2000 WL 1154500, at *7 (Tenn. Ct. App. Aug. 15, 2000). In the second case, the Court of Appeals avoided definitively ruling on the question because it concluded that the allegations of the post-divorce petition were not tantamount to a dependency and neglect claim. Holley v. Holley, 420 S.W.3d 756, 760 (Tenn. Ct. App. 2013). In the third case, the Court of Appeals agreed with the argument and held that the chancery court lacked subject matter jurisdiction because the allegations in the post-divorce petition constituted a dependency and neglect claim. Tavino v. Tavino, No. E2013-02587-COA-R3-CV, 2014 WL 5430014, at *11 (Tenn. Ct. App. Oct. 27, 2014). The Court of Appeals in this appeal followed Tavino and ruled "that [F]ather's petition contained assertions that were tantamount to allegations of dependency and neglect. Accordingly, the trial court lacked subject matter jurisdiction and all actions taken by the court [were] void for lack of subject matter jurisdiction." Cox, 2018 WL 5778969, at *7.

---

[3] The thirty-day time limit prescribed in Tennessee Rule of Appellate Procedure 4 is jurisdictional in civil cases. Binkley v. Medling, 117 S.W.3d 252, 255 (Tenn. 2003).

[4] This rule provides that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: . . . the judgment is void." Tenn. R. Civ. P. 60.02(3). Rule 60.02 states that such motions "shall be made within a reasonable time." Tenn. R. Civ. P. 60.02.

Father then filed an application for permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure, which we granted.

## II. Standard of Review

Subject matter jurisdiction refers to a court's lawful authority to adjudicate a controversy. Chapman v. DaVita, Inc., 380 S.W.3d 710, 712–13 (Tenn. 2012). Subject matter jurisdiction is conferred and defined by the Tennessee Constitution and statutes. Id. (citing Kane v. Kane, 547 S.W.2d 559, 560 (Tenn. 1977); Computer Shoppe, Inc. v. State, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989)). "[W]hether subject matter jurisdiction exists is a question of law, [so] our standard of review is de novo . . . ." Northland Ins. Co. v. State, 33 S.W.3d 727, 729 (Tenn. 2000).

## III. Analysis

In Tennessee, circuit courts and chancery courts have subject matter jurisdiction to grant divorces and make child custody determinations in connection with divorce proceedings. Tenn. Code Ann. § 16-10-108 (2009); id. § 36-6-101(a)(1) (2017). A final decree of divorce remains within the control of the circuit or chancery court that granted the divorce and remains "subject to such changes or modification as the exigencies of the case may require." Id. § 36-6-101(a)(1); see also id. § 36-6-217 (2017) (providing for "exclusive, continuing jurisdiction" over child custody determinations). Father was eminently correct in filing his post-divorce petition seeking modification of the PPP in the Circuit Court that granted the divorce.

In concluding otherwise, the Court of Appeals relied on another statute that grants juvenile courts "exclusive original jurisdiction" over "[p]roceedings in which a child is alleged to be delinquent, unruly or dependent and neglected." Tenn. Code Ann. § 37-1-103(a)(1) (2014). As already noted, however, while this appeal was pending, the General Assembly amended section 37-1-103 to provide:

> Notwithstanding this section, nothing in subdivision [37-1-103](a)(1) shall be construed to preclude a court from exercising domestic relations jurisdiction pursuant to title 36, regardless of the nature of the allegations, unless and until a pleading is filed or relief is otherwise sought in a juvenile court invoking its exclusive original jurisdiction.

Act of April 18, 2019, 2019 Tenn. Pub. Acts ch. 167 (emphasis added). The General Assembly also expressly applied this amendment "to any case pending or filed on or after" its April 18, 2019 effective date. Id. § 2. On April 25, 2019, we entered an order directing the parties to be prepared to address the effect of this amendment at oral argument on May 7, 2019.

Having now considered the briefs and arguments of the parties, we conclude that the April 18, 2019 amendment controls the outcome of this appeal.[5] By its terms the amendment applies to this appeal that was pending on its April 18, 2019 effective date. See Frame v. Marlin Firearms Co., 514 S.W.2d 728, 730 (Tenn. 1974) ("A new law changing a rule of practice is applicable to all cases than [sic] pending. The instant case obviously has the status of a pending action.").

"Our primary objective when construing statutes is to determine and carry out legislative intent without broadening or restricting statutes beyond their intended scope." State v. Gentry, 538 S.W.3d 413, 420 (Tenn. 2017) (citing State v. Pope, 427 S.W.3d 363, 368 (Tenn. 2013)). When "the statutory language is clear and unambiguous, we apply its plain meaning, understood in its normal and accepted usage." Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC, 433 S.W.3d 512, 517 (Tenn. 2014) (citing Baker v. State, 417 S.W.3d 428, 433 (Tenn. 2013)).

Applying these guiding principles, we conclude that under the plain language of the amendment, the Circuit Court was not precluded "from exercising domestic relations jurisdiction" pursuant to title 36, "regardless of the nature of the allegations" of Father's petition because no "pleading [had been] filed or relief . . . otherwise sought in a juvenile court invoking its exclusive original jurisdiction." Act of April 18, 2019, 2019 Tenn. Pub. Acts ch. 167. Accordingly, the allegations of Father's petition did not divest the Circuit Court of subject matter jurisdiction. To the contrary, as already noted, circuit and chancery courts possess continuing, exclusive subject matter jurisdiction of divorce decrees. Tenn. Code Ann. § 36-6-101(a)(1) (providing that a final decree of divorce "shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require"); id. § 36-6-217 (providing for "exclusive, continuing jurisdiction" over child custody determinations). Thus, Father appropriately filed his petition seeking modification of the PPP in the Circuit Court. Mother, therefore, is not entitled to relief from the Circuit Court's July 10, 2017 judgment entering the modified PPP or from any of the Circuit Court's other orders adjudicating Father's petition.

---

[5] Because we conclude that this statute controls the disposition of this appeal, we need not address counsel's assertions at oral argument regarding the primacy of a circuit court's subject matter jurisdiction over matters involving modifications of permanent parenting plans incorporated into final divorce decrees.

## IV. Conclusion

For the reasons stated herein, the judgment of the Court of Appeals is reversed, and the judgment of the Circuit Court is reinstated. Costs on appeal are taxed to Laura Nicole Lucas for which execution may issue, if necessary.

_____
CORNELIA A. CLARK, JUSTICE