IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 1, 2019

## WILLIAM COOPER v. BOARD OF PAROLE

**Appeal from the Chancery Court for Davidson County**
**No. 17-0906-IV      Russell T. Perkins, Chancellor**

————————————————————

**No. M2018-01392-COA-R3-CV**

————————————————————

This is an appeal from the judgment of the chancery court denying an inmate the relief requested in his petition for writ of certiorari. The inmate is serving two concurrent life sentences, with the possibility of parole, for offenses of first degree murder. The Tennessee Board of Parole declined to grant parole to the inmate, citing seriousness of the offense. The chancery court concluded that the Board did not act arbitrarily, fraudulently, illegally, or in excess of its jurisdiction, in denying the inmate parole. For the following reasons, we affirm the trial court's order of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which RICHARD H. DINKINS, and JOHN W. MCCLARTY, JJ., joined.

William Cooper, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; and Pamela S. Lorch, Senior Assistant Attorney General, for the appellee, Tennessee Board of Parole.

## MEMORANDUM OPINION[1]

—————————

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTS & PROCEDURAL HISTORY

William Cooper ("Cooper") is an inmate currently incarcerated at Northeast Correctional Complex in Mountain City, Tennessee. In 1982, Cooper committed two offenses of first degree murder. He subsequently pled guilty to both offenses and was ordered to serve two concurrent life imprisonment sentences, with the possibility of parole.

Cooper began serving his sentence on May 13, 1982, and received an initial parole hearing in 2005. At that time, the Board declined parole due to the seriousness of the offense. Cooper received another parole hearing in 2011 and again the Board declined parole due to the seriousness of the offense. Cooper's third parole hearing was held on February 2, 2017. After the hearing, two board members voted to grant parole, three voted to decline parole, and two voted to continue the hearing for further evaluation.[2] A rehearing was held on April 4, 2017. On April 18, 2017, Cooper received notification that the Board again declined parole, citing seriousness of the offense. The Board also recommended that Cooper complete "Group Therapy" and "Pro-Social Life Skills." Cooper's next parole hearing was set for April 2020. Cooper filed a request for appeal with the Board, which was denied on June 23, 2017.

On August 23, 2017, Cooper filed a petition for writ of certiorari in the chancery court of Davidson County, seeking review of the Board's decision from the April 4, 2017 hearing. The trial court granted review without opposition from the Board. Cooper asserted four claims against the Board, arguing that:

1. The Board of Parole has acted arbitrarily, fraudulently, illegally, and has exceeded its statutory and discretionary authority by its practice of requiring Petitioner to serve a longer term of imprisonment because of parole opposition from family of the victims than is required of similarly situated offenders without parole opposition.

2. The Board of Parole has acted arbitrarily, fraudulently, illegally, and has exceed[ed] its statutory and discretionary authority by failing to follow its rules and policies through its continued denial of parole to Petitioner, when the Board's objective decision making guidelines recommend parole.

3. The Board of Parole has acted arbitrarily, fraudulently, and illegally, and has exceed[ed] authority by the retroactive application to him of parole standards that have been implemented after his offense and that have

---

[2] In order for the Board to grant parole to an inmate convicted of first degree murder, a four vote concurrence is required. *See* Tenn. Code Ann. § 40-28-105(4)(A).

operated to his disadvantage by creating a significant risk of increased punishment in violation of the ex post facto clause of the Tennessee and Federal Constitution[s].

4. The Board of Parole has acted arbitrarily, fraudulently, illegally, and has exceed[ed] its authority in the manner in which Petitioner's parole hearing was conducted[.]

On June 28, 2018, the chancery court entered a memorandum and final order dismissing the petition filed by Cooper. The chancery court concluded that the Board did not act illegally, fraudulently, arbitrarily, or in excess of its jurisdiction, in denying Cooper parole. It also found that there were no ex post facto violations. Cooper timely filed a notice of appeal to this Court.

## II.   ISSUES PRESENTED

Cooper presents one issue for review on appeal, which we have slightly restated: Whether the chancery court erred in dismissing the petition for writ of certiorari.

In its posture as appellee, the Board presents an additional issue for review: Whether Cooper has waived all issues for review by failing to properly brief the issues and by presenting new issues on appeal that were not raised in the trial court. The Board also argues that the trial court properly dismissed the petition for writ of certiorari as the Board did not act illegally, fraudulently, arbitrarily or in excess of its jurisdiction in conducting Cooper's parole proceedings. For the following reasons, we affirm the chancery court's order of dismissal.

## III.   DISCUSSION

### A.  Standard of Review

"Inmates may use the common law writ of certiorari to seek review of decisions made by prison disciplinary boards, parole eligibility review boards, and other similar tribunals." *Greenwood v. Tenn. Bd. of Parole*, 547 S.W.3d 207, 213 (Tenn. Ct. App. 2017) (citing *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003)). The Board determines whether an inmate "should be granted parole," not the courts. *Bibbs v. Tenn. Bd. of Parole*, No. M2015-01755-COA-R3-CV, 2016 WL 1650302, at *2 (Tenn. Ct. App. Apr. 22, 2016) (citing *Hopkins v. Tenn. Bd. of Paroles and Probation*, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001)). "Judicial review of a parole decision made by the Board is narrow; it is limited to consideration of whether the Board exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently." *Brennan v. Bd. of Parole*, 512 S.W.3d 871, 873 (Tenn. 2017) (citing Tenn. Code Ann. § 27-8-101; *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012); *Willis*, 113 S.W.3d at 712). Accordingly, "[t]he

reviewing court does not inquire into the intrinsic correctness of the Board's decision, reweigh the evidence, or substitute its judgment for that of the Board." *Id.* (citing *State v. Lane*, 254 S.W.3d 349, 355 (Tenn. 2008); *Robinson v. Clement*, 65 S.W.3d 632, 635 (Tenn. Ct. App. 2001)).

### B. Waiver of Issues

As an initial matter, we note that Cooper is a pro se litigant and may have limited knowledge of substantive and procedural rules. However, such limitations do not excuse a pro se litigant from complying with the same standards to which lawyers must adhere. *Blanchard v. Tenn. Bd. of Prob. & Parole*, No. E2012-00663-COA-R3-CV, 2012 WL 5993734, at *2 (Tenn. Ct. App. Dec. 3, 2012). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson v. Lanphere,* No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer,* 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)).

With the foregoing in mind, we first address the Board's issue as to whether Cooper has waived appellate review by failing to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals. Rule 27, in relevant part, provides that the brief of the appellant shall contain the following:

> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

Tenn. R. App. 27(a)(7). Furthermore, Rule 6 of the Rules of the Court of Appeals requires an appellate brief to contain a written argument in regard to each issue on appeal. The Rule further provides that the argument shall include:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(a) and (b).

Cooper's appellate brief wholly fails to comply with the foregoing requirements. Cooper, in the argument section of his brief, stated that he "incorporates the argument made in his originating petition as if set forth verbatim herein. . . ." Such a statement does not comply with Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure or Rule 6 of the Rules of the Court of Appeals. *See Davis v. State*, No. M2010-01045-CCA-R3-PD, 2012 WL 3679571, at \*43 (Tenn. Crim. App. Aug. 24, 2012) (holding that the petitioner's statement in his brief incorporating by reference all of his claims asserted in his original petition does not prevent waiver of those issues not specifically raised and argued by the petitioner in his appellate brief). Cooper failed to provide a single citation to the record; although, he did attach a copy of his petition for writ of certiorari to his brief. However, the action of attaching a document containing arguments made in the trial court does not excuse compliance with Rule 27(a)(7). *See Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000) (explaining that "parties cannot expect this court to do its work for them" and the court "is under no duty to verify unsupported allegations in a

party's brief, or for that matter consider issues raised but not argued in the brief."). Ultimately, Cooper's brief contains no argument responsive to the issue presented or the trial court's ruling.

The remainder of Cooper's arguments were presented for the first time in this appeal. After incorporating by reference his petition from the chancery court, Cooper stated in his brief that he was including "[a]dditional argument set forth below [to] address additional matters not specifically briefed or addressed at the lower court." An appeal is not an opportunity for a litigant to assert new arguments not raised before the trial court or "'change its strategy or theory in midstream, and advocate a different ground or reason in this Court.'" *State v. Abbott,* No. 01C01-9607-CC-00293, 1996 WL 411645, at *2 (Tenn. Crim. App. July 24, 1996) (citing *State v. Aucoin,* 756 S.W.2d 705, 715 (Tenn. Crim. App. 1988); *State v. Dobbins,* 754 S.W.2d 637, 641 (Tenn. Crim. App. 1988)). It is undisputed that the new arguments Cooper attempts to present in this appeal were never "called to the attention of the trial judge." Tenn. Ct. App. R. 6(a)(2).

The first argument made by Cooper, in his brief, is that "the Board lacks the constitutional power to exercise a judicial function, and therefore lacks subject matter jurisdiction, to deny his parole based upon the 'seriousness of the offense.'"[3] Cooper contends that an issue of subject matter jurisdiction may be raised for the first time on appeal. Cooper is correct in that "Tenn. R. App. P. 13(b) permits the issue of a *court's* subject matter jurisdiction to be raised for the first time on appeal." *See In re Estate of Trigg,* 368 S.W.3d 483, 488 n. 2 (Tenn. 2012) (explaining that "questions involving a court's subject matter jurisdiction have been deemed so important that appellate courts may address them even if they were not raised in the trial court") (internal citations omitted). However, Cooper is not asserting that a court lacks subject matter jurisdiction, but rather the Board. "Subject matter jurisdiction refers to a court's, [not the Board's], lawful authority to adjudicate a controversy." *Cox v. Lucas*, 576 S.W.3d 356, 359 (Tenn. 2019) (citing *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712–13 (Tenn. 2012)). Accordingly, subject matter jurisdiction is not challenged in this appeal.

Additionally, the Board had authority to deny Cooper parole based upon the seriousness of the offense. In a case analogous to Cooper's, an inmate complained that Tennessee Code Annotated section 40-35-503(b)(2), "which was originally enacted by the legislature on July 1, 1982, is an ex post facto law." *Williams v. Tenn. Bd. of Prob. & Parole*, No. M2006-02336-COA-R3-CV, 2007 WL 3132935, at *2 (Tenn. Ct. App. Oct. 26, 2007). In addressing the inmate's argument, we explained that:

Tenn. Code Ann. § 40-3614 (1981) stated in pertinent part:

---

[3] Cooper characterizes his argument on appeal as a challenge to subject matter jurisdiction; however, he argued to the trial court that the Board's decision to deny him parole for the cited reason of seriousness of the offense violated the State and Federal Ex Post Facto clauses.

> **Grounds for parole-Terms**-Parole being a privilege and not a right, no prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the board is of opinion that there is reasonable probability that if such prisoner is released he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society.
>
> On July 1, 1982, the amended portion [of the] Code became effective, and § 40-35-503(b)(2) now provides in pertinent part:
>
> Release on parole is a privilege and not a right, and no inmate convicted shall be granted parole if the board finds that . . . (2) The release from custody at the time would depreciate the seriousness of the crime of which the defendant stands convicted or promote disrespect for the law.
>
> Tenn. Code Ann. § 40-35-503. . . . This Court has previously held that § 40-35-503(b)(2) "does not affect parole eligibility date or denial of parole, but instead enumerates one reason which the parole board may elect, in its discretion, to deny parole." *Dyer v. Tennessee Bd. of Paroles,* No. M1999-00787-COA-R3-CV, 2001 WL 401596, *2 (Tenn. Ct. App. M.S., filed Apr. 23, 2001). In *Arnold v. Tennessee Board of Paroles,* 956 S.W.2d 478, 483 (Tenn. 1997), our Supreme Court held that the denial of parole on the basis of this factor does not raise any constitutional issues.
>
> Therefore, the Board's stated reason for denial of "seriousness of offense" under § 40-35-503(b)(2) is not an ex post facto violation.

*Id.* at *2-3 (emphasis in original). Furthermore, as the Supreme Court cited in *Brennan*, 512 S.W.3d at 875 n.4, there are numerous cases that have upheld the Board's decisions to deny parole on the basis of the seriousness of the offense. Accordingly, Cooper's argument that the Board lacked authority to deny him parole or that such action by the Board constituted a judicial act is without merit. *See Greenwood*, 547 S.W.3d at 213-17 (explaining that the Board, not the courts, determines whether to grant or deny parole and the Board has the statutory authority to deny parole based on the seriousness of the offense) (internal citations omitted). Cooper has failed to properly present any arguments that show that the Board exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently in denying him parole.

In sum, we reiterate that Cooper's remaining arguments, as stated in his brief, are being presented for the first time on appeal. Additionally, Cooper has failed to comply with the rules concerning the content of his appellate brief. As a result, we decline to address any additional arguments on appeal and consider the arguments to be waived. *See*

*Bean*, 40 S.W.3d at 54-55 (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928) (explaining "that it will not find this Court in error for not considering a case on its merits where the . . . [appellant] did not comply with the rules of this Court.")).[4]

## V. CONCLUSION

For the aforementioned reasons, the chancery court's order of dismissal is affirmed. Costs of this appeal are taxed to the appellant, William Cooper, for which execution may issue if necessary.

_____

CARMA DENNIS MCGEE, JUDGE

---

[4] We recognize that there have been cases where this Court considered the merits of an appeal, despite the deficiencies in an appellant's brief; however, in many of those cases we have cautioned litigants that we may not be so forgiving in the future. *See Davis v. Tenn. Bd. of Water Quality, Oil, & Gas*, No. W2016-00870-COA-R3-CV, 2017 WL 4621307, at *3 (Tenn. Ct. App. Oct. 16, 2017); *Eastman Credit Union v. Hodges*, No. E2013-02039-COA-R3-CV, 2015 WL 557061, at *1 n.2 (Tenn. Ct. App. Feb. 10, 2015); *Garrard v. Tenn. Dep't of Correction*, No. M2013-01525-COA-R3-CV, 2014 WL 1887298, at *3 (Tenn. Ct. App. May 8, 2014).