FILED

06/04/2024

Clerk of the
Appellate Courts

# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON

## IN RE CONSERVATORSHIP OF SUSAN DAVIS MALONE

**Appeal from the Probate Court for Shelby County**
**No. PR-24906**
Judge Joe Townsend

_____

## No. W2024-00134-SC-T10B-CV

_____

This is the second interlocutory recusal appeal in this conservatorship action, filed by two attorneys in the case. In the first recusal appeal, the Court of Appeals entered an order staying all trial court proceedings. The Court of Appeals then issued an opinion affirming denial of the recusal motion, stating that the stay was lifted, and remanding the case to the trial court. Before the appellate mandate issued, the attorneys filed a second motion for the trial court judge to recuse; this was denied as well. The attorneys then filed this second petition for recusal appeal. They later filed a motion in the Court of Appeals arguing that trial court orders entered after the Court of Appeals issued its opinion in the first recusal appeal, but before the mandate issued, are void for lack of subject matter jurisdiction. The Court of Appeals agreed and held the orders were void. The counter-petitioners and co-conservators have filed an accelerated application for permission to appeal in this Court, and we ordered the attorneys to file a response. Having reviewed the application for permission to appeal, the answer, all appendices, and the applicable law, we grant the application, and dispense with additional briefing and oral argument. We hold that the stay imposed by the Court of Appeals in the first recusal appeal did not divest the trial court of subject matter jurisdiction over the case. We further hold that the attorneys waived any other argument that orders entered by the trial court should be vacated because they were entered prior to issuance of the mandate. Therefore, we reverse the judgment of the Court of Appeals and remand for further proceedings consistent with this decision.

**Tenn. Sup. Ct. R. 10B Accelerated Appeal by Permission;**
**Judgment of the Court of Appeals Reversed; Case Remanded**
**to the Court of Appeals**

PER CURIAM.

David Wade, Christopher M. Myatt, and Bryant T. Carlton, Memphis, Tennessee, for the appellants, Lisa Malone Jackson, Paul Neil Royal and Janelle Eskridge.

Edward T. Autry, Memphis, Tennessee, for the appellees, Edward T. Autry and Hannah E. Bleavins.

## OPINION

This appeal arises from an action regarding the conservatorship of Susan Davis Malone. The petitioners in the conservatorship action are attorneys Edward Autry and Hannah Bleavins ("Attorneys"). The counter-petitioners include Ms. Malone's daughter, Lisa Malone Jackson.

The Attorneys have filed two motions asking the trial judge to recuse himself. The denial of the first recusal motion was affirmed on appeal. This second appeal arises from the denial of the second recusal motion, entered before mandate was issued in the first appeal. The Court of Appeals concluded that orders entered before mandate was issued in the first appeal were void for lack of subject matter jurisdiction, and the counter-petitioners now appeal.

We consider first the question of subject matter jurisdiction, and then any other objections to the validity of the trial court's orders entered prior to issuance of the mandate. A brief review of the procedural history of both appeals is helpful to our determination of the issues.

### BACKGROUND

The Attorneys filed their first motion asking the trial judge to recuse himself on May 18, 2023. The trial court denied it on June 2, 2023. On June 7, 2023, the Attorneys filed an accelerated interlocutory appeal as of right from the denial of the recusal motion.

Two days later, on June 9, 2023, the Attorneys filed a motion with the Court of Appeals to stay the trial court proceedings pending resolution of the interlocutory appeal.

- 2 -

On June 14, 2023, the Court of Appeals entered an order granting the motion. The appellate order stated, "[A]ll trial court proceedings shall be stayed pending further Order of this Court."

On July 25, 2023, the Attorneys filed a motion to clarify the June 14, 2023 order, asserting that the trial court judge had construed the order as prohibiting him from entering any dispositive order in any matter involving the Attorneys or their law firm. On August 8, 2023, the Court of Appeals granted the motion; its order explained that the appellate stay prohibited the trial judge from entering dispositive orders in this case, but it did not affect the trial judge's ability to enter orders in other unrelated matters involving the Attorneys or their law firm.

On December 5, 2023, Ms. Jackson and her fellow counter-petitioners filed in the Court of Appeals an "Emergency Motion to Clarify Status of Susan Davis Malone." The motion said that a dispute had arisen over who was charged with caring for Ms. Malone. The following day, December 6, 2023, the Court of Appeals issued its opinion and judgment. *In re Conservatorship of Malone*, No. W2023-00841-COA-T10B-CV, 2023 WL 8454618 (Tenn. Ct. App. Dec. 6, 2023). In the opinion, a majority of the panel affirmed the trial court's denial of the recusal motion. *Id.* at *14. In the conclusion of the opinion, the Court of Appeals stated: "The stays of this case imposed in this Court's June 14, 2023 and August 8, 2023 orders are hereby lifted, and this case is remanded for further proceedings." *Id.* On December 8, 2023, the Court of Appeals entered an order denying as moot Ms. Jackson's emergency motion, in light of the December 6, 2023 opinion.

On December 26, 2023, the Attorneys filed in the Tennessee Supreme Court an accelerated application for permission to appeal from the Court of Appeals decision affirming the denial of the recusal motion. This Court denied the application on January 18, 2024. The mandate was issued by the Clerk of the Appellate Courts on January 29, 2024, and was entered by the trial court clerk on January 30, 2024.

In the meantime, between the issuance of the Court of Appeals opinion on December 6, 2023, and entry of the mandate in the trial court on January 30, 2024, a number of things happened in the trial court. Relevant to the issues before us, on December 7, the day after the Court of Appeals opinion issued, the counter-petitioners filed an emergency motion in the trial court to clarify the status of Ms. Malone. Similar to their motion filed in the Court of Appeals, this emergency motion asserted that a dispute had

- 3 -

arisen about who was charged with caring for Ms. Malone. They claimed the situation had created "untenable confusion" among Ms. Malone's medical providers and others who were caring for her.

On December 11, 2023, the trial court entered an order on the counter-petitioners' emergency motion, finding it was in the best interest of Ms. Malone for the case to be set for an evidentiary hearing, and setting the hearing for two days later, on December 13. The next day, on December 12, the Attorneys filed a "motion for order scheduling hearing date" asserting they were unavailable on December 13-14, and claiming that the earliest date the counter-petitioners' emergency motion could be properly heard was a week later, on December 19, 2023. The Attorneys' motion asked the trial court to set the counter-petitioners' emergency motion for a hearing on "a date certain after December 19, 2023."

Also on December 12, 2023, the Attorneys filed their second motion asking the trial judge to recuse himself. The recusal motion was focused on events that transpired after the Attorneys filed their first recusal appeal. This second recusal motion asked the trial court to set the matter for a hearing. The second recusal motion was accompanied by affidavits of the Attorneys. Notably, among other things, the affidavits stated, "On December 6, 2023 this matter was remanded back" to the trial court.

On December 13, 2023, the day of the scheduled evidentiary hearing, the counter-petitioners appeared but the Attorneys did not. The trial court did not proceed with the evidentiary hearing that morning. Instead, that same morning, it entered an order stating that it was in the best interest of Ms. Malone to hold an evidentiary hearing on the second recusal motion, and setting the hearing for 4:30 p.m. the same day. That afternoon, the Attorneys again did not appear. The trial court continued the hearing to the following day.

When the hearing recommenced the next day, December 14, the Attorneys again did not appear. The trial court proceeded with the hearing, finding there was good cause to proceed to consider the counter-petitioners' emergency motion to clarify who was responsible for Ms. Malone's care, despite the pending recusal motion.

The following day, December 15, 2023, the trial court entered an order finding that Ms. Malone faced a risk of substantial harm in the absence of action by the court. As a result, the trial court found good cause to appoint a neutral interim conservator for Ms. Malone, despite the pending recusal motion. On January 9, 2024, the trial court entered an

- 4 -

order denying the second recusal motion.

On January 23, 2024, the trial court entered an order removing the interim conservator. The trial court appointed Ms. Jackson and Janelle Eskridge as conservators of the person of Ms. Malone, and Ms. Jackson and Paul Royal as conservators of the estate of Ms. Malone.

On January 29, 2024, the Attorneys filed an accelerated interlocutory appeal from the denial of the second recusal motion. On February 6, 2024, the Court of Appeals *sua sponte* entered an order staying all trial court proceedings pending disposition of the second recusal petition, and ordering Ms. Jackson and Mr. Royal to file an answer to the petition.

On February 12, 2024, two weeks after the Attorneys filed their petition for an accelerated interlocutory appeal, they filed in the Court of Appeals a "Motion to Declare Void Any Orders Entered by Trial Court After December 6, 2023." In that motion, the Attorneys asserted for the first time that the trial court lacked subject matter jurisdiction to enter any orders until January 30, 2024, the date the mandate in the first recusal appeal was entered by the trial court. Ms. Jackson and Mr. Royal filed an answer to the petition for accelerated interlocutory appeal, as well as opposition to the motion to declare the trial court's orders void.

On March 6, 2024, the Court of Appeals issued its opinion. *In re Conservatorship of Malone*, No. W2024-00134-COA-T10B-CV, 2024 WL 964147, at *1 (Tenn. Ct. App. Mar. 6, 2024). The appellate court held that the trial court lacked subject matter jurisdiction in the case until January 30, 2024, the date mandate was entered by the trial court in the first recusal appeal. Although the Attorneys had asked the Court of Appeals to declare all orders entered during that interim period void, the appellate court declined to issue such a broad order, given the limited scope of review in a recusal appeal. Instead, the Court of Appeals vacated for lack of subject matter jurisdiction only (1) the January 9, 2024 order denying the second recusal motion, and (2) two orders entered while the second recusal motion was pending, namely, the December 13, 2023 order setting a hearing date, and the December 15, 2023 order appointing an interim conservator.

On March 27, 2024, Ms. Jackson, Mr. Royal, and Ms. Eskridge[1] filed a timely

_____

[1] We note that Ms. Eskridge did not appear as a respondent before the Court of Appeals. The Attorneys have not objected to her appearance as an appellant in this Court.

accelerated application for permission to appeal in this Court. On April 9, 2024, this Court ordered the Attorneys to file an answer to the application. Pursuant to Tennessee Supreme Court Rule 10B, section 2.07, we exercise our discretion to decide the appeal without further briefing or oral argument.

## STANDARD OF REVIEW

We review the decision of the Court of Appeals de novo. Tenn. Sup. Ct. R. 10B, § 2.07 ("The Supreme Court shall decide the appeal on an expedited basis upon a de novo standard of review[.]"); *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) ("Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness.").

## ANALYSIS

The threshold issue in this case is whether the stay imposed by the Court of Appeals in the first interlocutory recusal appeal divested the trial court of subject matter jurisdiction.[2] We hold it did not.[3]

"[S]ubject matter jurisdiction refers to a court's lawful authority to adjudicate a controversy" and it is "conferred and defined by the Tennessee Constitution and statutes." *Cox v. Lucas*, 576 S.W.3d 356, 359 (Tenn. 2019); *see also In re Baby*, 447 S.W.3d 807, 837 (Tenn. 2014) ("Subject matter jurisdiction refers to a court's authority to adjudicate a particular case or controversy and depends on the nature of the cause of action and the relief sought. Courts have subject matter jurisdiction only when conferred by statute or by a provision of the state or federal constitution." (internal quotation marks and citations omitted)); *Subject-matter Jurisdiction*, *Black's Law Dictionary* (11th ed. 2019) ("Jurisdiction over the nature of the case and the type of relief sought").

---

[2] We note that the underlying matter in this appeal involved the ongoing care of an incapacitated ward under the protection of the trial court and disputes over her care. As a matter of best practice, appellate courts should exercise great caution in entering a blanket stay in such cases, where urgent matters regarding the ward may arise while the hands of the trial court are tied by the stay. To be sure, parties may petition the appellate court to lift the stay to free up the trial court to act, but such proceedings take time that may work to the detriment of the ward.

[3] We limit our review to the three orders vacated by the Court of Appeals.

Here, there is no dispute that the probate court has subject matter jurisdiction over this conservatorship action. The filing of an interlocutory appeal did not remove the probate court's "subject matter jurisdiction" over the case as a whole.

To the contrary, in an interlocutory appeal, the appellate court's jurisdiction is limited to the issue before it on interlocutory review, and the remainder of the case remains in the province of the trial court. *Culbertson v. Culbertson*, 455 S.W.3d 107, 126 (Tenn. Ct. App. 2014) ("[W]ith an interlocutory appeal, the appellate court's jurisdiction is limited to the issues specified in the appellate court's order granting permission for the appeal, and the balance of the case remains in the province of the trial court[.]").

Here, in the first recusal appeal, the appellate court's jurisdiction was limited to review of the trial court's denial of the first recusal motion. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("[T]he only order we may review [on a Rule 10B accelerated interlocutory appeal] is the trial court's order that denies a motion to recuse."). The filing of the recusal appeal did not remove the remainder of the case from the jurisdiction of the trial court, and the Attorneys have not argued that the trial court orders entered after December 6, 2023, adjudicated matters that fell within the scope of the first recusal appeal.

Under Tennessee Supreme Court Rule 10B, section 2.04, "[t]he filing of a petition for recusal appeal does not automatically stay the trial court proceeding. However, either the trial court or the appellate court may grant a stay on motion of a party or on the court's own initiative, pending the appellate court's determination of the appeal." In this case, the Court of Appeals chose to enter an order staying the proceedings in the trial court during the pendency of the recusal appeal.

The appellate court's stay order does not alter our analysis of the trial court's *subject matter jurisdiction*. It did not divest the trial court of subject matter jurisdiction over the case. Rather, a stay order quite literally orders the trial court to stay its hand; it is an instruction by the appellate court to the trial court to temporarily suspend all or part of the judicial proceedings below. *See Nken v. Holder*, 556 U.S. 418, 429 (2009) (A stay pending appeal "simply suspends judicial alteration of the status quo." (internal quotation marks omitted)); *Black's Law Dictionary* (11th ed. 2019) (A stay includes an "order to suspend all or part of a judicial proceeding.").

The Court of Appeals order granting the Attorneys' motion to stay did not remove this conservatorship action from the subject matter jurisdiction of the trial court. It was simply an order to the trial court to refrain from acting until the appellate court resolved the recusal appeal. Therefore, we disagree with the Court of Appeals that the three trial court orders entered before the mandate was entered in the trial court are void for lack of subject matter jurisdiction.

Having determined that the stay imposed by the Court of Appeals in the first interlocutory recusal appeal did not divest the trial court of subject matter jurisdiction, we consider whether there is any other basis for the appellate court's decision to vacate the orders. We find none.

While a challenge to a trial court's subject matter jurisdiction can be raised at any time, most other arguments are waived on appeal if a party fails to raise them in the trial court. *See In re M.L.P.*, 281 S.W.3d 387, 394 (Tenn. 2009) (holding that where a party did not properly raise an issue in the trial court, he waived his right to argue the issue for the first time on appeal); *Dye v. Witco Corp.*, 216 S.W.3d 317, 321 (Tenn. 2007) (same). Here, it was the Attorneys who sought, and received, a stay in the first recusal appeal. However, after the Court of Appeals issued its December 6, 2023 opinion, the Attorneys did not take the position that the stay remained in effect until mandate issued. To the contrary, they affirmatively represented to the trial court that the case had been remanded as of the date the Court of Appeals issued its opinion, December 6, 2023.

The Attorneys went so far as to affirmatively *ask* the trial court to act during this time period, by filing their second recusal motion on December 12, 2023, and asking the trial court to set the motion for a hearing and grant it. Also on December 12, 2023, the Attorneys filed a "Motion for Order Scheduling Hearing Date" about the counter-petitioners' emergency motion to clarify the status of Ms. Malone, affirmatively asking the trial court to schedule a hearing on the emergency motion on "a date certain after December 19, 2023."

In their January 29, 2024 petition for recusal appeal filed in the Court of Appeals, the Attorneys *still* did not take the position that the trial court had acted in violation of the stay in ruling on the second recusal motion. To the contrary, they reiterated their position that the matter was remanded to the trial court on December 6, 2023, the date the appellate

opinion was issued. Not until two weeks after they filed their petition in the Court of Appeals did the Attorneys assert, for the first time, that the trial court's orders violated the stay.

Under these circumstances, where the trial court retained subject matter jurisdiction, we need not decide the exact date the stay was effectively lifted.[4] Here, the Attorneys proceeded in the trial court as though the stay had been lifted, thereby waiving any other argument that the trial court's orders were entered in violation of the stay.

## CONCLUSION

For the reasons stated above, the judgment of the Court of Appeals is reversed, and this matter is remanded to the Court of Appeals for further proceedings consistent with this opinion. Costs on appeal are taxed to Mr. Autry and Ms. Bleavins, for which execution may issue if necessary. Mandate shall issue immediately, as a petition for rehearing is not permitted. Tenn. Sup. Ct. R. 10B, § 2.07.

PER CURIAM

---

[4] To prevent confusion, when an appellate court enters a stay pending appeal, it is best practice to clearly state the date that the stay is effectively lifted. This may best be accomplished by entering a separate order on the stay, which can be made effective immediately or on a date certain, specified in the order.

- 9 -